## United States District Court
## Central District of California

| | |
|---|---|
| **UNITED STATES OF AMERICA vs.** | **Docket No.**   EDCR03-00037(B)-RT |
| **Defendant**   CATHERINE JUDSON LEMOINE | **Social Security No.** 4  7  2  2 |
| akas:  Catherine Judson , Catherine Ivett, Marilyn Bell | (Last 4 digits) |

### JUDGMENT AND PROBATION/COMMITMENT ORDER

| | MONTH | DAY | YEAR |
|---|---|---|---|
| In the presence of the attorney for the government, the defendant appeared in person on this date. | 2 | 22 | 10 |

| **COUNSEL** | [X] **WITH COUNSEL** | CHRISTOPHER C. CHANEY |
|---|---|---|
| | | (Name of Counsel) |

**PLEA**  [X] **GUILTY,** and the court being satisfied that there is a factual basis for the plea. [ ] **NOLO CONTENDERE**  [ ] **NOT GUILTY**

**FINDING**  There being a finding/verdict of [ ] **GUILTY,** defendant has been convicted as charged of the offense(s) of: Wire Fraud, Aiding and Abetting  18 U.S.C. § § 1343, 2.

**JUDGMENT AND PROB/ COMM ORDER**  The Court asked whether there was any reason why judgment should not be pronounced. Because no sufficient cause to the contrary was shown, or appeared to the Court, the Court adjudged the defendant guilty as charged and convicted and ordered that: The following sentence is imposed:

It is ordered that the defendant shall pay to the United States a special assessment of $100, which is due immediately and payable no later then February 26, 2010.

It is ordered that the defendant shall pay restitution in the total amount of $2,835,126.88 pursuant to 18 U.S.C. § 3663A.

The amount of restitution ordered shall be paid as set forth on the list attached to this judgment.  If the defendant makes a partial payment, each payee shall receive approximately proportional payment unless another priority order or percentage payment is specified in this judgment.

Defendant shall pay nominal consecutive monthly restitution payments of at least $50 during the period of supervised release.  These payments shall begin 30 days after commencement of supervision. Nominal restitution payments are ordered as the court finds that the defendant's economic circumstances do not allow for either immediate or future payment of the restitution amount ordered.

Pursuant to 18 U.S.C. § 3612(f)(3)(A), interest on the restitution ordered is waived because the defendant does not have the ability to pay interest.  Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

The defendant shall be held jointly and severally liable with co-participant Christopher Wayne Lemoine (Docket No. EDCR03-00037 (A)) for the amount of restitution ordered in the judgment.

USA vs.   CATHERINE JUDSON LEMOINE                    Docket No.:   EDCR03-00037(2)-RT

The defendant shall comply with General Order No. 01-05.

Pursuant to the Sentencing Reform Act of 1984; it is the judgment of the Court that the defendant, Catherine Judson Lemoine, is hereby committed on the single-count second superseding information to the custody of the Bureau of Prisons to be imprisoned for a term of 368 days (time served).

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of three years under the following terms and conditions:

1. The defendant shall comply with provisions of the Court's General Orders No. 01-05 and 05-02;

2. The defendant shall participate in mental health treatment, which may include evaluation and counseling, until discharged from the treatment by the treatment provider, with the approval and at the direction of the Probation Officer;

3. As directed by the Probation Officer, the defendant shall pay all or part of the costs of her mental health treatment to the aftercare contractor during the period of community supervision, pursuant to 18 U.S.C. § 3672. The defendant shall provide payment and proof of payment as directed by the Probation Officer;

4. During the period of community supervision the defendant shall pay the special assessment and restitution in accordance with this courts order pertaining to such payments;

5. The defendant shall work regularly at a lawful occupation and shall notify the Probation Officer at least ten days prior to any change of employment; and

6. The defendant shall cooperate in the collection of a DNA sample from her person.

The drug testing condition mandated by statute is suspended based on the Court's determination that the defendant poses no risk of future substance abuse.

Bail is exonerated upon defendant reporting to the U.S. Probation Office to begin her supervised release.

//

//

//

USA vs.   CATHERINE JUDSON LEMOINE                    Docket No.:   EDCR03-00037(B)-RT

The Court ordered the Probation Officer to provide defendant with a written statement that sets forth all the conditions to which the term of supervised release is subject.

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release within this judgment be imposed. The Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

**2/22/10**
Date

**Robert J Timlin**
U. S. District Judge

It is ordered that the Clerk deliver a copy of this Judgment and Probation/Commitment Order to the U.S. Marshal or other qualified officer.

Clerk, U.S. District Court

**2/24/10**
Filed Date

By  **Patrin**
Deputy Clerk

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

## STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE

### While the defendant is on probation or supervised release pursuant to this judgment:

1. The defendant shall not commit another Federal, state or local crime;
2. the defendant shall not leave the judicial district without the written permission of the court or probation officer;
3. the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5. the defendant shall support his or her dependents and meet other family responsibilities;
6. the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7. the defendant shall notify the probation officer at least 10 days prior to any change in residence or employment;
8. the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered;
10. the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12. the defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
13. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to conform the defendant's compliance with such notification requirement;
15. the defendant shall, upon release from any period of custody, report to the probation officer within 72 hours;
16. and, for felony cases only: not possess a firearm, destructive device, or any other dangerous weapon.

USA vs.   CATHERINE JUDSON LEMOINE            Docket No.:   EDCR03-00037(B)-RT

☐   The defendant will also comply with the following special conditions pursuant to General Order 01-05 (set forth

## STATUTORY PROVISIONS PERTAINING TO PAYMENT AND COLLECTION OF FINANCIAL SANCTIONS

The defendant shall pay interest on a fine or restitution of more than $2,500, unless the court waives interest or unless the fine or restitution is paid in full before the fifteenth (15th) day after the date of the judgment pursuant to 18 U.S.C. §3612(f)(1).  Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g). Interest and penalties pertaining to restitution , however, are not applicable for offenses completed prior to April 24, 1996.

If all or any portion of a fine or restitution ordered remains unpaid after the termination of supervision, the defendant shall pay the balance as directed by the United States Attorney's Office.  18 U.S.C. §3613.

The defendant shall notify the United States Attorney within thirty (30) days of any change in the defendant's mailing address or residence until all fines, restitution, costs, and special assessments are paid in full.  18 U.S.C. §3612(b)(1)(F).

The defendant shall notify the Court through the Probation Office, and notify the United States Attorney of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine or restitution, as required by 18 U.S.C. §3664(k).  The Court may also accept such notification from the government or the victim, and may, on its own motion or that of a party or the victim, adjust the manner of payment of a fine or restitution pursuant to 18 U.S.C. §3664(k).  See also 18 U.S.C. §3572(d)(3) and for probation 18 U.S.C. §3563(a)(7).

Payments shall be applied in the following order:

1. Special assessments pursuant to 18 U.S.C. §3013;
2. Restitution, in this sequence:
    Private victims (individual and corporate),
    Providers of compensation to private victims,
    The United States as victim;
3. Fine;
4. Community restitution, pursuant to 18 U.S.C. §3663(c); and
5. Other penalties and costs.

USA vs.   CATHERINE JUDSON LEMOINE                     Docket No.:   EDCR03-00037(B)-RT

## SPECIAL CONDITIONS FOR PROBATION AND SUPERVISED RELEASE

As directed by the Probation Officer, the defendant shall provide to the Probation Officer: (1) a signed release authorizing credit report inquiries; (2) federal and state income tax returns or a signed release authorizing their disclosure and (3) an accurate financial statement, with supporting documentation as to all assets, income and expenses of the defendant. In addition, the defendant shall not apply for any loan or open any line of credit without prior approval of the Probation Officer.

The defendant shall maintain one personal checking account. All of defendant's income, "monetary gains," or other pecuniary proceeds shall be deposited into this account, which shall be used for payment of all personal expenses. Records of all other bank accounts, including any business accounts, shall be disclosed to the Probation Officer upon request.

The defendant shall not transfer, sell, give away, or otherwise convey any asset with a fair market value in excess of $500 without approval of the Probation Officer until all financial obligations imposed by the Court have been satisfied in full.

These conditions are in addition to any other conditions imposed by this judgment.

## RETURN

I have executed the within Judgment and Commitment as follows:

Defendant delivered on _____ to _____

Defendant noted on appeal on _____

Defendant released on _____

Mandate issued on _____

Defendant's appeal determined on _____

Defendant delivered on _____ to _____

at _____

the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

United States Marshal

By _____

USA vs.   CATHERINE JUDSON LEMOINE          Docket No.:   EDCR03-00037(B)-RT

Date                                    Deputy Marshal

## CERTIFICATE

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

Clerk, U.S. District Court

By _____

Filed Date                              Deputy Clerk

---

## FOR U.S. PROBATION OFFICE USE ONLY

Upon a finding of violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me.  I fully understand the conditions and have been provided a copy of them.

(Signed)_____        _____
          Defendant                                Date

_____                _____
U. S. Probation Officer/Designated Witness           Date

| Victim | Amount |
|---|---|
| AA Magnetics<br>1033 Wanda<br>Woodstock, IL 60098 | $ 43,391.25 |
| Airgas Safety, Inc.<br>1185N11300 Whitney Drive<br>Germantown, MI 53022 | $ 20,250.00 |
| Anixter<br>4711 Gold Road<br>Skokie, IL 60076 | $ 37,138.54 |
| Applied Industrial Technologies<br>701 West Anaheim Street<br>Long Beach, CA 90813 | $ 65,000.00 |
| Arch Environmental Equipment<br>P.O. Box 1760<br>5929 Benton Road<br>Paducah, Ky 42002-1760 | $ 24,077.79 |
| Argonics, Inc.<br>1110 Wright Street<br>Marquette, MI 49855 | $ 9,900.00 |
| Avnet<br>8700 South Price Road<br>Tempe, AZ 85284 | $ 136,264.68 |
| Bailey Sales Corporation<br>P.O. Box 19805<br>Knoxville, TN 37939-2805 | $ 2,988.36 |
| Bearing Belt Chain<br>3501 Aldebaran Street<br>Las Vegas, NV 89102 | $ 20,783.60 |
| CDW Computer Center<br>200 North Milwaukee Avenue<br>Vernon Hills, IL 60061 | $ 40,000.00 |
| Circuit City<br>9950 Maryland Drive<br>Richmond, VA 23233 | $ 98,432.07 |

| | |
|---|---|
| CIT Technology Financing<br>Bldg. 100, Suite 300<br>4600 Touchton Road East<br>Jacksonville, FL 32246 | $  144,542.92 |
| Comp USA<br>9059 Central Avenue<br>Montclair, CA 91763 | $   28,814.75 |
| Falk Corporation<br>3001 West Canal Street<br>Milwaukee, WI 53201 | $  111,562.91 |
| Georgia Duck<br>21 Laredo Drive<br>Scottdale., GA 30079 | $  104,093.00 |
| Gateway<br>610 Gateway Drive<br>P.O. Box 2000<br>North Sioux City, SD 57049-2000 | $   17,990.00 |
| Global Computer Supplies<br>921 West Artesia Blvd.<br>Compton, CA 90220 | $   24,405.20 |
| Graybar<br>383 South Cheryl Lane<br>City of Industry, CA 91789 | $   16,771.74 |
| Heartland Business Credit<br>390 Union Boulevard, Suite 600<br>Lakewood, CO 80228 | $   69,762.74 |
| Hewitt-Robbins<br>438 Industrial Drive<br>P.O. Box 400<br>Winfield, AZ 35594 | $   86,243.45 |
| Hewlett Packard<br>One Cambridge Center<br>Cambridge, MA 02142 | $  301,577.58 |
| Household Bank<br>1111 Town Center Drive<br>Las Vegas, NV 89144 | $   15,000.00 |

| | | |
|---|---|---|
| L.A. Rubber Company<br>2915 East Washington Blvd.<br>Los Angeles, CA | $ | 7,596.20 |
| Micro Warehouse<br>1720 Oak Street<br>Lakewood, NJ 08701 | $ | 90,898.98 |
| Minarik Corporation<br>905 E. Thompson Avenue<br>Glendale, Ca 91201-2011 | $ | 62,986.00 |
| Motion Industries<br>7471 Doig Drive<br>Garden Grove, CA | $ | 2,633.63 |
| Movado Group<br>650 From Road<br>Paramus, NJ 07652 | $ | 124,687.48 |
| Northern Tool and Equipment<br>2800 Southcross Drive West<br>Burnsville, MN 55337-0219 | $ | 37,108.33 |
| Parkhouse Tire, Inc.<br>11764 Sheldon Street<br>Sun Valley, CA | $ | 510.38 |
| Parts Incorporated<br>101 McNeely Road<br>Piedmont, SC | $ | 16,132.50 |
| PC Connection<br>730 Milford Road, Rte. 101A<br>Merrimack, NH 03054 | $ | 114,219.06 |
| Praxair Distribution<br>2301 South East Creekview Drive<br>Ankeny, IA | $ | 50,086.31 |
| Precision, Inc.<br>300 SE 14th Street<br>P.O. Box 287<br>Pella, IA | $ | 106,205.00 |

Price Rubber                                     $    16,165.00
2733 Gunter Park Drive West
P.O. Box 210489
Montgomery, AL 36121

Professional Plastics                            $     8,176.00
1810 E. Valencia Drive
Fullerton, CA 92831

Reliance Metal Center, Inc.                      $    45,584.00
2100 Cleveland Avenue
P.O. Box 206
National City, CA 91951

Romac                                            $    46,714.20
7400 Bandini Blvd.
Commerce, CA 90040

Rubber and Plastics, Inc.                        $     4,315.76
1313 NE Lombard Place
Portland, OR 97211

Rupe's Hydraulics                                $    26,493.80
725 N. Twin Oaks Valley Road
San Marcos, CA

Ryerson Tull                                     $   107,000.00
4310 E. Bandini Blvd.
Vernon, CA 90023

Scandura Conveyor Belting Co.                    $    98,993.00
1801 N. Tyron Street
Charlotte, NC 28230

SEW Eurodrive                                    $    62,282.69
30599 San Antonio Street
Heywood, CA

Sherwin Williams                                 $    49,630.91
13620 Rosecrans Avenue
Santa Fe Springs, CA 90670

SKF USA                                          $    81,434.68
1111 Adams Avenue
Norristown, PA 19403-2403

20

| | | |
|---|---|---|
| Solutions 4 Sure<br>6 Cambridge Drive<br>Trumbull, CT 06611 | $ | 63,000.00 |
| Toshiba America<br>9740 Irvine Blvd.<br>Irvine, CA 92618-1697 | $ | 48,417.23 |
| TPL Metals<br>23201 Lake Center Drive, Suite 203<br>Lake Forest, CA 92630 | $ | 6,453.96 |
| Weir Specialty Pumps<br>440 West 800 South<br>Salt Lake City, UT 84101 | $ | 11,439.00 |
| Wesco Distribution<br>16159 Stagg Drive<br>Van Nuys, CA 91406 | $ | 46,125.00 |
| Worldwide Electric<br>1 Grove Street, Suite 201B<br>Pittsford, NY 14534 | $ | 53,843.87 |
| WW Grainger<br>4700 Hammer Avenue<br>Mira Loma, CA | $ | 31,003.33 |
| | **TOTAL:** | **$ 2,835,126.88** |